# Morgan Lewis

**Troy S. Brown**
Partner
+1.215.963.5214
troy.brown@morganlewis.com

February 12, 2019

**VIA ECF**

The Honorable J. Paul Oetken
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square, Room 2101
New York, NY 10007
OetkenNYSDChambers@nysd.uscourts.gov

Re: *Horowitz v. National Gas & Electric, LLC et al.*, No. 17-CV-7742 (JPO); Letter Motion to Seal Documents and Portions of Briefing Associated with Defendants' Opposition to Plaintiff's Motion for Partial Summary Judgment.

Dear Judge Oetken:

We are counsel for the Defendants National Gas & Electric, LLC ("NGE") and Spark Energy, Inc. ("Spark"; together, with NGE, "Defendants") in the above-captioned matter. Pursuant to Section 2.E.ii of Your Honor's Individual Practices in Civil Cases, Defendants respectfully move to seal portions of the briefing and exhibits in support of their Opposition to Plaintiff's Motion for Partial Summary Judgment (the "Motion"). Specifically, Defendants seek to seal: (1) portions of Defendants' Opposition to the Motion; (2) portions of Defendants' Response to Plaintiff's Rule 56.1 Statement of Undisputed Facts and Separate Statement of Additional Material Facts as to Which There Exists a Genuine Issue accompanying their Opposition to the Motion; (3) all or portions, as designated, of Exhibits A1 and A3 through A13 to the Declaration of Robert Lane in Support of the Opposition to the Motion; and (4) all or portions, as designated of Exhibits B1 through B10 and B12 through B20 to the Declaration of Troy S. Brown in Support of the Opposition to the Motion.

The parties in the above-referenced action have entered into a Stipulation and Confidentiality Order, approved and ordered by the Court on June 18, 2018 (ECF No. 37, "Confidentiality Stipulation"). Paragraph 41 of the Confidentiality Stipulation states:

> All Confidential Discovery Material filed with the Court, and all portions of pleadings, motions, or other papers filed with the Court that disclose such Confidential Discovery Material, shall be filed under seal with the Clerk of Court and kept under seal until further order of the Court. The Parties will use their best efforts to minimize such sealing, when possible. In any event, any Party filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of same, via the Court's Electronic Case Filing system, that

The Honorable J. Paul Oetken
February 12, 2019
Page 2

>redacts only the Confidential Discovery Material itself, and not text that in no
>way reveals the Confidential Discovery Material.

The material Defendants propose to redact consists of documents, portions of documents, or descriptions of non-public and commercially sensitive documents that have been produced with designations of "Confidential" or "Attorneys' Eyes Only — Confidential" pursuant to that Confidentiality Stipulation.  Thus, these documents are "Confidential Discovery Material" within the meaning of the Confidentiality Stipulation.  These documents include, for example, e-mail and text message exchanges concerning business operations, contemplated transactions, and financial and other performance metrics, among other things.

The case law supports the requested sealing.  "The Supreme Court has noted that every court has supervisory power over its own records and files." *Newsday LLC v. Cnty. of Nassau*, 730 F.3d 156, 163 (2d Cir. 2013) (quoting *Nixon v. Warner Commc'n, Inc.*, 435 U.S. 589, 598 (1978)).  The Second Circuit has held that courts have the power to forbid the disclosure of information and documents.  *See F.D.I.C. v. Ernst & Ernst*, 677 F.2d 230, 232 (2d Cir. 1987).  When deciding whether a document should be sealed, a court must consider the common law right of public access to documents.  *See Lugosch v. Pyramid Co. of Onondaga*, 435. F.3d 110, 119 (2d Cir. 2006).  In order for the common law right to access documents to apply, the documents must be considered "judicial documents."  *Id.*  A document becomes a "judicial document" when it is 'relevant to the performance of the judicial function and useful in the judicial process.'"  *Id.* (quoting *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995)).  A court can seal documents it if it concludes that the presumption in favor of access is outweighed by other factors such as impeding judicial efficiency and privacy concerns from the parties resisting disclosure.  *Id.* at 119-20.  While documents submitted to a court for its consideration in a summary judgment motion are judicial documents to which a presumption of access attaches, countervailing factors may defeat that presumption.  *Id.* at 121, 125; *see also Giuffre v. Maxwell*, 325 F. Supp. 3d 428, 445 (S.D.N.Y. 2018) (denying motion to unseal summary judgment documents upon finding that a countervailing privacy interest defeated the presumption of access).

Defendants seek to seal the four categories of documents (or portions thereof) referenced above in accordance with the parties' Confidentiality Stipulation.  In support of this request, Defendants have proposed redactions that are narrowly tailored and necessary to preserve the privacy that the parties expected when entering into the Confidentiality Stipulation and producing documents.

Therefore, Defendants move the Court to seal the redacted papers detailed in the first paragraph of this Letter Motion, copies of which have been emailed to the Court.

Respectfully submitted,

*/s/ Troy S. Brown*

Troy S. Brown


c:  All Counsel of Record