# King & Spalding

King & Spalding LLP
1185 Avenue of the Americas
New York, NY 10036-4003
Tel: +1 212 556 2100
Fax: +1 212 556 2222
www.kslaw.com

Israel Dahan
Partner
Direct Dial: +1 212 556 2114
Direct Fax: +1 212 556 2222
idahan@kslaw.com

February 28, 2019

*Via ECF*

The Honorable J. Paul Oetken
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square, Room 2101
New York, NY 10007
OetkenNYSDChambers@nysd.uscourts.gov

Re: *Saul Horowitz v. National Gas & Electric, LLC et al.*, Civ. No. 17-cv-7742 (JPO); Letter motion to seal documents and portions of briefing associated with Plaintiff's Reply in Further Support of His Motion for Partial Summary Judgment Against National Gas & Electric, LLC and Spark Energy, Inc.

Dear Judge Oetken:

Pursuant to Section 2.E.ii of your Individual Practices In Civil Cases, Plaintiff in the above-captioned matter moves to seal portions of the reply briefing in support of his Motion for Partial Summary Judgment Against National Gas & Electric, LLC ("NGE") and Spark Energy, Inc.("Spark"). Specifically, Plaintiff seeks to seal: (1) portions of Plaintiff's Reply Memorandum of Law in Further Support of Plaintiff's Motion for Partial Summary Judgment Against NGE and Spark ("Reply") and (2) portions of Plaintiff's Response to Defendants' Rule 56.1 Separate Statement of Additional Material Facts filed with the Reply.

The parties in the above-captioned action have entered into a Stipulation and Confidentiality Order, approved and ordered by the Court on June 18, 2018 (ECF No. 37, "Confidentiality Stipulation"). Paragraph 41 of the Confidentiality Stipulation provides that:

> All Confidential Discovery Material filed with the Court, and all portions of pleadings, motions, or other papers filed with the Court that disclose such Confidential Discovery Material, shall be filed under seal with the Clerk of Court and kept under seal until further order of the Court. The Parties will use their best efforts to minimize such sealing, when possible. In any event, any Party filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of same, via the Court's Electronic Case Filing system, that redacts only the Confidential Discovery Material itself, and not text that in no way reveals the Confidential Discovery Material.

1

The material Plaintiff proposes to redact consists of descriptions of and quotes from documents that have been produced in this matter, which the parties have stamped "Confidential" and for which there is no version of the document available in the public domain. Thus, these documents are "Confidential Discovery Material" within the meaning of the Confidentiality Stipulation. These documents include email exchanges among employees of the parties and ancillary transaction documents.

"'The Supreme Court has noted that every court has supervisory power over its own records and files.'" *Newsday LLC v. Cnty. of Nassau*, 730 F.3d 156, 163 (2d Cir. 2013) (quoting *Nixon v. Warner Commc'n, Inc.*, 435 U.S. 589, 598 (1978)). The Second Circuit has held that courts have the power to forbid the disclosure of information and documents. *See F.D.I.C. v. Ernst & Ernst*, 677 F.2d 230, 232 (2d Cir. 1987). When deciding whether a document should be sealed, a court must consider the common law right of public access to documents. *See Lugosch v. Pyramid Co. of Onondaga*, 435. F.3d 110, 119 (2d Cir. 2006). In order for the common law right to access documents to apply, the documents must be considered "judicial documents." *Id.* A document becomes a "judicial document" when it is "'relevant to the performance of the judicial function and useful in the judicial process.'" *Id.* (quoting *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995)). A court can seal documents it if it concludes that the presumption in favor of access is outweighed by other factors such as impeding judicial efficiency and privacy concerns from the parties resisting disclosure. *Id.* at 119-20.

While Plaintiff acknowledges that "documents submitted to a court for its consideration in a summary judgment motion are—as a matter of law—judicial documents to which a strong presumption of access attaches," countervailing factors may defeat that presumption. *Id.* at 121, 125; *see also Giuffre v. Maxwell*, 325 F. Supp. 3d 428, 445 (S.D.N.Y. 2018) (denying motion to unseal summary judgment documents upon finding that a countervailing privacy interest defeated the presumption of access).

Plaintiff seeks to seal descriptions of and quotes from the documents referenced above in accordance with the parties' Confidentiality Stipulation. In making this request, Plaintiff has proposed redactions that are narrowly tailored and necessary to preserve the privacy that the parties expected when entering into the Confidentiality Stipulation and producing documents.

Therefore, Plaintiff moves the Court to seal the redacted papers detailed in the first paragraph of this Letter Motion, copies of which have been emailed to the Court.

    Respectfully submitted,

    KING & SPALDING LLP

    /s/ *Israel Dahan*
    Israel Dahan

    *Counsel for Plaintiff*

cc:    All Counsel of Record