# Morgan Lewis

**Troy S. Brown**
Partner
+1.215.963.5214
troy.brown@morganlewis.com

January 13, 2020

**VIA ECF**

The Honorable J. Paul Oetken
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square, Room 2101
New York, NY 10007
OetkenNYSDChambers@nysd.uscourts.gov

Re:   <u>Horowitz v. National Gas & Electric, LLC et al.</u>, No. 17-CV-7742 (JPO); Letter Motion to Seal Portions of Defendants' Pre-Trial Memorandum

Dear Judge Oetken:

Pursuant to Section 2.E.ii of your Individual Practices in Civil Cases, Defendants National Gas & Electric, LLC ("NGE") and Spark Energy, Inc. ("SEI"; together, with NGE, "Defendants") move to seal Exhibits A1, A3, A6 through A9, A12 through A21, and A23 through A31 to Defendants' Pretrial Memorandum, and those portions of the Memorandum quoting from the confidential exhibits and confidential portions of witness statements recently filed provisionally under seal by the parties (ECF Nos. 147-167).

The parties in the above-captioned action have entered into a Stipulation and Confidentiality Order, approved and ordered by the Court on June 18, 2018 (ECF No. 37, "Confidentiality Stipulation"). Paragraph 41 of the Confidentiality Stipulation provides as follows:

> All Confidential Discovery Material filed with the Court, and all portions of pleadings, motions, or other papers filed with the Court that disclose such Confidential Discovery Material, shall be filed under seal with the Clerk of Court and kept under seal until further order of the Court. The Parties will use their best efforts to minimize such sealing, when possible. In any event, any Party filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of same, via the Court's Electronic Case Filing system, that redacts only the Confidential Discovery Material itself, and not text that in no way reveals the Confidential Discovery Material.

The material Defendants propose to redact consists of documents, portions of documents, or descriptions of non-public and commercially sensitive documents that have been produced in this matter with designations of "Confidential" or "Attorneys' Eyes Only — Confidential" pursuant to that Confidentiality Stipulation.  Thus, these documents are "Confidential Discovery Material" within the

January 13, 2020
Page 2

meaning of the Confidentiality Stipulation. These documents include, for example, e-mail exchanges concerning business operations and financial performance, among other things.

The case law supports the requested sealing. "The Supreme Court has noted that every court has supervisory power over its own records and files." *Newsday LLC v. Cnty. of Nassau,* 730 F.3d 156, 163 (2d Cir. 2013) (quoting *Nixon v. Warner Commc'n, Inc.,* 435 U.S. 589, 598 (1978)). The Second Circuit has held that courts have the power to forbid the disclosure of information and documents. *See F.D.I.C. v. Ernst & Ernst,* 677 F.2d 230, 232 (2d Cir. 1987). When deciding whether a document should be sealed, a court must consider the common law right of public access to documents. *See Lugosch v. Pyramid Co. of Onondaga,* 435. F.3d 110, 119 (2d Cir. 2006). In order for the common law right to access documents to apply, the documents must be considered "judicial documents." *Id.* A document becomes a "judicial document" when it is 'relevant to the performance of the judicial function and useful in the judicial process.'" *Id*. (quoting *United States v. Amodeo,* 44 F.3d 141, 145 (2d Cir. 1995)). A court can seal documents it if it concludes that the presumption in favor of access is outweighed by other factors such as impeding judicial efficiency and privacy concerns from the parties resisting disclosure. *Id*. at 119-20.

The parties' submissions in connection with their pretrial memoranda are tantamount to summary judgment motions. While Defendants acknowledge that "documents submitted to a court for its consideration in a summary judgment motion are—as a matter of law—judicial documents to which a strong presumption of access attaches," countervailing factors may defeat that presumption. *Id.* at 121, 125; *see also Giuffre v. Maxwell,* 325 F. Supp. 3d 428, 445 (S.D.N.Y. 2018) (denying motion to unseal summary judgment documents upon finding that a countervailing privacy interest defeated the presumption of access).

Defendants seek to seal the confidential exhibits and portions of the memorandum referenced above in accordance with the parties' Confidentiality Stipulation. In making this request, Defendants have proposed redactions that are narrowly tailored and necessary to preserve the privacy that the parties expected when entering into the Confidentiality Stipulation and producing documents.

Therefore, Defendants move the Court to seal the redacted papers detailed in the first paragraph of this Letter Motion, copies of which have been emailed to the Court.

Respectfully submitted,

Troy S. Brown

*Counsel for Defendants National Gas & Electric, LLC
and Spark Energy, Inc.*


cc: All counsel of record