# King & Spalding

King & Spalding LLP
1185 Avenue of the Americas
New York, NY 10036-4003
Tel: +1 212 556 2100
Fax: +1 212 556 2222
www.kslaw.com

Israel Dahan
Partner
Direct Dial: +1 212 556 2114
Direct Fax: +1 212 556 2222
idahan@kslaw.com

January 21, 2020

*Via ECF*

The Honorable J. Paul Oetken
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square, Room 2101
New York, NY 10007
OetkenNYSDChambers@nysd.uscourts.gov

Re: *Saul Horowitz v. National Gas & Electric, LLC et al.*, Civ. No. 17-cv-7742 (JPO); Letter motion to seal portions of Plaintiff's Opposition to Defendants' Pretrial Memorandum of Law

Dear Judge Oetken:

Pursuant to Section 2.E.ii of Your Individual Practices In Civil Cases, Plaintiff in the above-captioned matter respectfully moves to redact portions of his Opposition to Defendants' Pretrial Memorandum of Law filed in connection with the Court's pre-trial requirements.

The parties in the above-captioned action have entered into a Stipulation and Confidentiality Order, approved and ordered by the Court on June 18, 2018 (ECF No. 37, "Confidentiality Stipulation"). Paragraph 41 of the Confidentiality Stipulation provides that:

> All Confidential Discovery Material filed with the Court, and all portions of pleadings, motions, or other papers filed with the Court that disclose such Confidential Discovery Material, shall be filed under seal with the Clerk of Court and kept under seal until further order of the Court. The Parties will use their best efforts to minimize such sealing, when possible. In any event, any Party filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of same, via the Court's Electronic Case Filing system, that redacts only the Confidential Discovery Material itself, and not text that in no way reveals the Confidential Discovery Material.

The material Plaintiff proposes to redact consists of portions of documents, or descriptions of documents that have been produced in this matter, which the parties have stamped "Confidential" or "Attorneys' Eyes Only – Confidential," and for which there is no version of the document available in the public domain. Plaintiff additionally proposes to redact portions of

deposition transcripts that are also marked "Confidential."  Thus, these documents are "Confidential Discovery Material" within the meaning of the Confidentiality Stipulation.

The case law supports the requested sealing.  "'The Supreme Court has noted that every court has supervisory power over its own records and files.'"  *Newsday LLC v. Cnty. of Nassau*, 730 F.3d 156, 163 (2d Cir. 2013) (quoting *Nixon v. Warner Commc'n, Inc.*, 435 U.S. 589, 598 (1978)).  The Second Circuit has held that courts have the power to forbid the disclosure of information and documents.  *See F.D.I.C. v. Ernst & Ernst*, 677 F.2d 230, 232 (2d Cir. 1987).  When deciding whether a document should be sealed, a court must consider the common law right of public access to documents.  *See Lugosch v. Pyramid Co. of Onondaga*, 435. F.3d 110, 119 (2d Cir. 2006).  In order for the common law right to access documents to apply, the documents must be considered "judicial documents."  *Id.*  A document becomes a "judicial document" when it is "'relevant to the performance of the judicial function and useful in the judicial process.'"  *Id.* (quoting *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995)).  A court can seal documents it if it concludes that the presumption in favor of access is outweighed by other factors such as impeding judicial efficiency and privacy concerns from the parties resisting disclosure. *Id.* at 119-20.

Plaintiff seeks to redact portions of his Opposition to Defendants' Pretrial Memorandum of Law in accordance with the parties' Confidentiality Stipulation.  In making this request, Plaintiff has proposed redactions that are narrowly tailored and necessary to preserve the privacy that the parties expected when entering into the Confidentiality Stipulation and producing documents.

Therefore, Plaintiff moves the Court to seal the unredacted Opposition to Defendants' Pretrial Memorandum of Law described in the first paragraph of this Letter Motion, a copy of which has been emailed to the Court.

Respectfully submitted,

KING & SPALDING LLP

/s/ *Israel Dahan*
Israel Dahan

*Counsel for Plaintiff*

cc:   All Counsel of Record